DOLLAR SAVINGS AND TRUST COMPANY

v.

TROCHECK, Appellant; Trocheck, et al., Appellees.

[Cite as *Dollar Sav. & Trust Co. v. Trocheck* (1999), 132 Ohio App.3d 531.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 97 CO 40.

Decided March 24, 1999.

 

*Anne Schafer Magyaros,* for appellant.

*Lawrence W. Stacey* and *Wayne W. Sarna,* for appellees.

VUKOVICH, Judge.

This action arose in the Columbiana County Common Pleas Court, where the court entered various judgments adverse to appellant John Trocheck. For the reasons set forth below, we affirm those judgments.

## I. STATEMENT OF FACTS

Appellant, a Columbiana County resident, is the promisor of a $10,000 note, which was executed in Columbiana County. Appellee Kathryn Trocheck is appellant's former wife, who cosigned the promissory note.

Appellees Leonard and Shirley Battaglini are the promisees of the note. The Battaglinis are Ms. Trocheck's parents and Pennsylvania residents.

The note provided that payments were to be sent to the Battaglinis' Pennsylvania address, and appellant made some of the required payments. When he discontinued making payments, the Battaglinis took the note to a Pennsylvania trial court and procured an *ex parte* confession of judgment on the cognovit clause in the note.

Appellant received notice of the Pennsylvania judgment but did not challenge it until he cross-claimed against the Battaglinis in the present case, which arose when Dollar Savings and Trust Company ("Dollar") filed a foreclosure action against appellant. Because the Battaglinis were judgment lien creditors of appellant, Dollar named them as defendants in the Columbiana County Common Pleas Court foreclosure action. The Battaglinis cross-claimed against the Trochecks, asking for execution of the Pennsylvania judgment. The issues with respect to Dollar have since been settled.

In a motion for summary judgment, appellant alleged that the note in question did not meet the requirements for a cognovit note under R.C. 2323.11(A). He contended that the Battaglinis had wrongfully, maliciously, and intentionally procured judgment on the note in Pennsylvania. Appellant further argued that, if he was liable to the Battaglinis on the note, the liability was joint and several with Ms. Trocheck.

The trial judge filed an opinion and summary judgment entry wherein he concluded that the Pennsylvania judgment granted upon the cognovit note was erroneous. The judge held that the note itself was not invalid but ruled the cognovit judgment voidable because the note did not comply with R.C. 2323.13(A)'s provisions for cognovit notes.

The Battaglinis filed an amended cross-complaint with a copy of the promissory note attached and prayed the court to grant judgment based upon the provisions of the note. The Battaglinis filed a motion for summary judgment supported by

affidavits and exhibits, wherein they established that appellant had made various payments on the note and that the balance owed was $3,530.39. Appellant's memorandum opposing summary judgment did not deny the Battaglinis' allegations, but complained that the garnishment proceedings instituted against him by the Battaglinis arose as a result of a void judgment transferred from Pennsylvania.

The trial judge granted summary judgment in favor of the Battaglinis and awarded them $3,530.39 plus eight percent interest. The only remaining issues were appellant's cross-claim against the Battaglinis for damages for the malicious procurement of the Pennsylvania judgment and the issue as to Ms. Trocheck's contribution to the debt.

In a trial to the court, Ms. Trocheck claimed that the note was a business debt used by appellant in his business. In the judgment entry, the judge dismissed appellant's contribution claim against Ms. Trocheck after referring to the Trochecks' divorce, which was previously before the judge. When appellant appealed the trial court's decision to this court, we reversed and remanded because the trial judge had improperly decided the contribution issue by referring to his notes on the divorce case.

On remand, the parties stipulated that no new facts would be presented. After reviewing the transcript and briefs, the trial court found that the money due on the promissory note was a business debt of appellant alone. The trial court also found that appellant had not stated a valid claim against the Battaglinis, because the Pennsylvania court had had jurisdiction. The court stated that the language of the note gave jurisdiction to any court in the United States. The court also stated that Pennsylvania's judgment was valid and deserved full faith and credit. Appellant filed a timely appeal, setting forth four assignments of error.

## II. ASSIGNMENT OF ERROR NO. ONE

"The trial court erred in failing to find the Pennsylvania judgment void *ab initio* as against an Ohio resident (1) where the Pennsylvania court lacked subject matter jurisdiction because the purported cognovit note was defective on its face and (2) where the Pennsylvania court lacked personal jurisdiction over an Ohio resident where the note was executed in Columbiana County, Ohio and the makers resided in Columbiana County, Ohio and because appellant had no minimum contacts with the State of Pennsylvania."

■ Where jurisdiction is lacking, a judgment is void *ab initio*. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941, 944. Appellant states that the Pennsylvania court's confession of judgment against him is void *ab initio*. Appellant contends that a Pennsylvania court is without subject matter jurisdic-

tion to enter a judgment on a cognovit note where the requirements of R.C. 2323.13(D) have not been met, citing *First Knox Natl. Bank v. Patricia Hoffman–Wyatt, Inc.* (Oct. 22, 1992), Knox App. No. 92–CA–09, unreported, 1992 WL 331653.. However, the Knox County case simply states that a warrant of attorney is insufficient in Ohio unless it meets R.C. 2323.13(D)'s requirements. The case does not mention lack of subject matter jurisdiction and does not pertain to the adjudication of a warrant of attorney in another state.

■ R.C. 2323.13(D) provides that a cognovit clause in a promissory note is invalid, leaving *Ohio courts* without jurisdiction to render judgment based upon such a clause unless the statutorily required cognovit clause appears "in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document." When this case was previously before this court, we stated in dicta that the note at issue would not be a valid cognovit note in Ohio because it did not distinctively set off the warning clause. However, this case was filed in Ohio as a foreign judgment and not pursuant to Ohio's cognovit laws.

■ Appellant's argument that the Pennsylvania court lacked personal jurisdiction relies upon R.C. 2323.13(A), which provides that, despite any agreement to the contrary, if the court has subject-matter jurisdiction, then personal jurisdiction on a cognovit note lies with the municipal court having jurisdiction over the place where the maker lives or where the note was signed. If that municipal court does not have subject matter jurisdiction, then personal jurisdiction lies in the county court presiding over where the maker lives or where the note was signed.

■ However, this statute governs situations in which a party to a cognovit note attempts to have the note adjudicated in the wrong Ohio court. Other states can also have personal jurisdiction according to their personal jurisdiction statutes. Under the pertinent Pennsylvania statute, a Pennsylvania county court has jurisdiction if one party to a note has a presence or residence in that county. Appellant does not contest that this is the law in Pennsylvania.

■ In compliance with the Pennsylvania statute, the Battaglinis filed for confession of judgment in the Pennsylvania county of their residence. Accordingly, the Pennsylvania court had subject-matter and personal jurisdiction and, therefore, its judgment is entitled to full faith and credit. See Clause 1, Section 1, Article IV, United States Constitution. See, also, *Wyatt v. Wyatt* (1992), 65 Ohio St.3d 268, 270, 602 N.E.2d 1166, 1168, citing *Litsinger Sign Co. v. Am. Sign Co.* (1967), 11 Ohio St.2d 1, 4, 40 O.O.2d 30, 31, 227 N.E.2d 609, 613 (which provides that a sister state's judgment is, until set aside by that state, final,

binding, and conclusive in Ohio unless the rendering court lacked subject-matter or personal jurisdiction).

██ ██ Moreover, Pennsylvania's judgment carries with it the presumption of validity. See *Toledo Trust Co. v. Santa Barbara Found.* (1987), 32 Ohio St.3d 141, 144, 512 N.E.2d 664, 667. There are divergent views throughout the country on the question of what law governs the validity of a warrant of attorney. Some courts hold that the law of the state where the note was executed is the applicable law. Other courts hold that the applicable law is that of the state in which the obligation is payable. This view is most frequently adhered to when the obligee is a resident of the state of payment, as in the case at bar.[1] Either way, if appellant disagreed with the Pennsylvania confession of judgment because the cognovit note did not comply with Ohio law, appellant should have appealed that decision to the Pennsylvania appellate court. See *Wyatt, supra.* See, also, *Milliken v. Meyer* (1940), 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (stating that judgments of sister states are given full faith and credit until they are set aside or reversed according to the regulations of the state in which the judgment was rendered).

Therefore, appellant's first assignment of error is overruled.

## III. ASSIGNMENT OF ERROR NO. TWO

"The trial court erred in granting Battaglinis' motion for summary judgment where (1) the exhibits attached to Battaglinis' motion were hearsay and not properly authenticated, (2) there exists genuine issues of material facts, and appellant was not given credit for court costs and other sums taken from him based on the void judgment."

Appellant argues that the Battaglinis' calculations attached to their affidavits in support of their motion for summary judgment were improperly considered by the trial court. The Battaglinis' submitted affidavits that stated that the total amount owed by appellant was $3,530.39. The affidavits also stated that appellant made some payments on the note and support the statement made in the Battaglinis' motion for summary judgment that appellant made twenty-nine payments of $202.76. The calculation sheet that the Battaglinis' attached to their affidavits is merely a breakdown or clarification of how the Battaglinis arrived at what is due to them.

---

1. In *Gries Sports Ent., Inc. v. Modell* (1984), 15 Ohio St.3d 284, 15 OBR 417, 473 N.E.2d 807, the court, in determining which law applies when parties do not express a choice of law in the contract, considered the following: place of negotiation and contracting, place of performance, location of subject matter, and the domicile, residence, and place of business of the parties.

■ Appellant further alleges that there exists a genuine issue of material fact with respect to the Battaglinis' failure to credit appellant for the sums procured in garnishment proceedings. In reviewing summary judgment, the appellate court reviews the decision *de novo* without deference to the trial court's determination. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. Pursuant to Civ.R. 56(C), a motion for summary judgment is proper when the court views the evidence in a light most favorable to the nonmovant and decides that there exists no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and the evidence leads reasonable minds only to a conclusion adverse to the nonmovant. See, *e.g., State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 639 N.E.2d 1189; *Welco Indus., Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129.

■ In a motion for summary judgment, the movant "must be able to specifically point to some evidence * * * which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. The Battaglinis point out that appellant testified, "We never doubted that we didn't owe them the money. We just doubted the procedures that was taken." This statement constitutes a specific demonstration by the movant that the nonmovant lacks evidence to support his claim. It implies that the amount owed is undisputed but that appellant is upset about Pennsylvania's involvement.

After the movant meets its initial burden, the nonmovant has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. *Dresher* at 293, 662 N.E.2d at 274. Appellant did not propose to the trial court what he contended to be the proper amount due to the Battaglinis. Appellant set forth no specific facts supporting the denial of summary judgment. The Battaglinis correctly observe that appellant's general denial does not raise an issue of material fact as to the balance due.

■ It seems clear that the $2,553.50 figure that is labeled as "check from clerk of courts" on the calculation sheet is how the Battaglinis accounted for the amounts procured from appellant's garnishments. Although summary judgments should be granted with caution, it appears evident that reasonable minds can only come to a conclusion adverse to appellant. Therefore, summary judgment for the Battaglinis was appropriate.

Appellant also contends that the trial court should have given him credit for court costs arising from the garnishment based on a void judgment. However, the validity of the judgment was confirmed under appellant's first assignment of error. In accordance, appellant's second assignment of error is overruled.

## IV. ASSIGNMENT OF ERROR NO. THREE

"The trial court erred (1) in failing to find that the Battaglinis committed an abuse of process where Battaglinis conducted foreign *ex-parte* proceedings on a defective cognovit note against an Ohio resident knowingly using an incorrect name and address and knowingly obtaining a judgment in an amount known to be greater than what was owed, and (2) in failing to award appellant attorney fees due to the Battaglinis' abuse of process."

Appellant's abuse-of-process claim rests upon the trier of fact's assessment of witness credibility. If the trial judge believed the Battaglinis' Pennsylvania attorney's (attorney Pavetti's) testimony, then the judge properly found no abuse of process. Attorney Pavetti testified to the following: (1) under Pennsylvania law, Pennsylvania had jurisdiction, (2) he accidentally spelled appellant's surname as "Troncheck" instead of "Trocheck" and subsequently petitioned the court to correct the spelling, (3) he certified to the Pennsylvania county court that appellant's address was in Ohio; (4) the incorrect address printed on a docket entry resulted from a mistake by the clerk of courts, (5) it is standard practice in Pennsylvania to obtain a judgment for the original amount of the note, and (6) the precise balance remaining on the note is to be established by affidavits filed when execution is attempted.

Moreover, prejudgment notice and opportunity to be heard are not prerequisites to confessing judgment on a cognovit note. See, *e.g.*, *D.H. Overmyer Co., Inc. v. Frick Co.* (1972), 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124; *Swisher v. Orrison Cigar Co.* (1930), 122 Ohio St. 195, 171 N.E. 92; *Matson v. Marks* (1972), 32 Ohio App.2d 319, 61 O.O.2d 476, 291 N.E.2d 491. Proper notice of the Pennsylvania judgment entry was delivered to appellant at his correct Ohio address after its journalization.

If the trial judge found attorney Pavetti to be credible, then appellant's contention that the Battaglinis falsified appellant's name and address and otherwise committed abuse of process is unsubstantiated. Credibility is primarily the domain of the trier of fact. *State v. Hill* (1996), 75 Ohio St.3d 195, 205, 661 N.E.2d 1068, 1079; *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213. This court prefers yielding to the trial judge, who "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276. Accordingly, appellant's third assignment of error is without merit.

## V.  ASSIGNMENT OF ERROR NO. FOUR

Appellant's fourth assignment of error alleges:

"The trial court erred in failing to grant appellant contribution and indemnification where there is a joint and several obligation and appellant has paid more than his share of the debt."

Ms. Trocheck claims that the note from her parents was a business debt used solely by appellant in his business.  Appellant states that the funds were borrowed to repay general debts of the family, both business and personal. When this case was previously before this court, we remanded because the trial judge decided this issue based upon improper reference to evidence not submitted during the trial of the case.  Specifically, the trial judge referred to his notes on the Trochecks' divorce case, over which he had presided.  On remand, the parties submitted no new facts.  The trial judge again ruled that the note to the Battaglinis was a business debt of appellant's alone.  The trial judge relied upon the following evidentiary items:  the check evidencing the debt was payable to appellant only, appellant's testimony that all payments on the promissory note were made by him through his business account, Mr. Battaglini's and Ms. Trocheck's testimony that the loan proceeds were used by appellant for business purposes, and Ms. Trocheck's testimony that appellant had previously been ordered to be responsible for all business debts.

The prejudicial error upon which we granted remand was that the trial judge referred to his notes on the divorce case.  The judge did not commit this error again as appellant alleges.  After setting forth the above evidentiary items that properly support his decision, the trial judge mentioned the Trochecks' divorce case.  However, he did not refer to his notes on the divorce case as he had in the previous hearing.  Furthermore, the one sentence mentioning the divorce is by no means the sole basis upon which the trial judge decided to rule against appellant.

The ruling of the trial court is not clearly erroneous.  The record supports the trial court's finding.  Whether the note was a business debt is determined by a resolution of conflicting testimony.  As stated in addressing appellant's third assignment of error, credibility is a question primarily for the trial judge.  *Hill; DeHass, supra.*  Appellant's fourth assignment of error is without merit.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO, J., concurs.

COX, P.J., concurs in judgment only.