OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Appellee did not file a brief in this matter. Plaintiff-Appellant, Joseph Didisse, III, appeals the decision of the Belmont County Common Pleas Court, Domestic Relations Division, which granted a divorce between he and Defendant-Appellee, Cindy Didisse, divided the marital property, and decided not to reimburse Joseph for spousal support previously ordered to be paid to Cindy. This is the second time these parties have been before this court on appeal. In the first appeal, styled Didisse v. Didisse, 7th Dist. No. 01 BA 14, 2002-Ohio-5184, we reversed the trial court's decision because it did not value the marital property when dividing it and remanded the matter for further proceedings. Joseph once again challenges the trial court's division of the marital property. He also claims the trial court abused its discretion when it refused to reimburse him for spousal support he paid to Cindy while the first appeal was pending.
 {¶ 2} The trial court's division of the martial property appears reasonable and equitable. Joseph challenges various factual determinations the trial court made when reaching its decision. But competent, credible evidence supports each of those factual determinations. And the trial court's ultimate property division actually gave Joseph a greater share of the marital assets, although it explained that certain martial property that could not be valued at that time might equal out the unequal division. Thus, Joseph's complaints about the division of the marital property are meritless.
 {¶ 3} The trial court's initial decision awarding spousal support was also reasonable. The facts at that time demonstrated that Cindy might not be able to return to her former earning capacity due to a disabling automobile accident and that Joseph earned substantially more than she did at that time. Joseph did not move to modify the spousal support order until the trial court heard the case on remand. The trial court could not make any modification of the former spousal support order retroactive to any time before this date. Because Joseph did not raise the issue in a timely manner, the trial court was forced to deny his motion. For these reasons, the trial court's decision is affirmed.
 Facts {¶ 4} Joseph and Cindy were married in 1990 and separated in August 1999. No children were born of this marriage. At the time of their separation, both worked at the Cambridge Developmental Center, a facility operated by the State of Ohio, which entitled them to participate in the State's pension system. Shortly after the couple's separation, Joseph filed a complaint for divorce in the Belmont County Court of Common Pleas. While the divorce was pending, Cindy was seriously injured in an automobile accident. As a result of those injuries, Cindy suffered a disability and was forced to quit her employment with Cambridge. A few weeks after the accident, a large collection of expensive tools and equipment belonging to the couple was stolen from the garage at Cindy's residence. Each party believed the other had something to do with the missing equipment. The trial court heard the matter, divided the couple's marital property, and awarded spousal support to Cindy.
 {¶ 5} Joseph appealed this decision to this court, challenging both the property division and the spousal support award. We reversed the trial court's decision and remanded the matter back to the trial court since it failed to include findings of the value of the property. We ordered the trial court to include valuation findings in its division of the marital property and then determine whether it will award spousal support to either of the parties.
 {¶ 6} On remand, a magistrate heard the matter. At that hearing, Cindy agreed that she would not seek future spousal support. Joseph also claimed that there was no basis for the spousal support award soon after the original decree and that the trial court award him a greater share of the marital property based on the previous spousal support award. After the hearing, the magistrate entered a decision dividing the marital property and denying Joseph's request regarding the past spousal support. Joseph objected. The trial court overruled those objections and entered a judgment entry dividing the marital property and denying Joseph's request regarding the past spousal support.
 Procedural Issues {¶ 7} Joseph argues the following ten assignments of error on appeal:
 {¶ 8} "The trial court abused its discretion in applying the factors under R.C. 3105.18(C)(1) to the facts and circumstances of the case at bar and, therefore, failed to reach an equitable result when it awarded spousal support to Defendant-Appellee."
 {¶ 9} "The trial court abused its discretion in only making one (1) decision that was asked by Defendant-Appellee, to stop spousal support, and did nothing with the rest of the matters before the court."
 {¶ 10} "The trial court abused its discretion in taking out of context a statement that the Plaintiff-Appellant had made in examination by his attorney."
 {¶ 11} "The trial court abused its discretion in awarding the marital real property to Defendant-Appellee."
 {¶ 12} "The trial court abused its discretion by not accounting for Plaintiff-Appellant's equity in the marital property."
 {¶ 13} "The trial court abused its discretion in finding a charge in favor of Defendant-Appellee on the separate real property of Plaintiff-Appellant."
 {¶ 14} "The trial court abused its discretion by requiring Plaintiff-Appellant to pay the entire marital debt to Bank One for the Visa credit card."
 {¶ 15} "The trial court failed to consider the marital debt to Geneva Didisse, by taking the Plaintiff-Appellant answer [sic] out of context."
 {¶ 16} "The trial court abused its discretion by making the Bank One personal loan the responsibility of Plaintiff-Appellant."
 {¶ 17} "The trial court improperly allocated the parties [sic] pension benefits."
 {¶ 18} We will not address these assignments of error individually since they can easily be boiled down from ten to two. First, Joseph contends the trial court abused its discretion in a variety of ways when dividing the marital property. Second, he believes the trial court abused its discretion when it refused to adjust the spousal support Joseph was previously ordered to pay to Cindy. We will address the specifics of Joseph's individual assignments of error within these broader arguments.
 Standard of Review {¶ 19} A trial court has broad discretion when allocating marital assets and determining if and in what amount spousal support is appropriate. Neville v. Neville,99 Ohio St.3d 275,2003-Ohio-3624, ¶ 5; Stevens v. Stevens (1986),23 Ohio St.3d 115,120. Thus, this court must review the trial court's decision for an abuse of discretion. Id.
 {¶ 20} The term "abuse of discretion" implies more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217,219. This court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128,131. Further, this court should not independently review the weight of the evidence but should be guided by the presumption that the trial court's findings are correct. Miller v. Miller
(1988), 37 Ohio St.3d 71,74.
 Property Division {¶ 21} On appeal, Joseph challenges various aspects of the trial court's division of the marital property. For instance, he claims the trial court erred by not dividing the parties' PERS accounts equally between them, by ordering that he be responsible for the marital debt on a credit card and a personal loan from his mother to the parties, by giving Cindy credit for paying the property taxes on his separate real property, and by failing to give him credit for his contribution from his separate property to the purchase of the marital home. His piecemeal arguments focus on whether the division of each piece of property is inequitable, rather than on whether the property division as a whole is inequitable.
 {¶ 22} A domestic relations court is required, when granting a divorce, to equitably divide and distribute the marital property. R.C. 3105.171(B); Wolfe v. Wolfe (1976),46 Ohio St.2d 399. When dividing marital property, the trial court must divide it equally between the parties unless an equal division would be inequitable. R.C. 3105.171(C)(1); see also Cherry v.Cherry (1981), 66 Ohio St.2d 348 (A potentially equal division of the martial property is the starting point of the trial court's analysis). In determining what is an equitable division of the marital property, the court must consider "all relevant factors," including those found in R.C. 3105.171(F). Id. Under R.C. 3105.171(F), a trial court must consider various factors when dividing the marital property: 1) the duration of the marriage; 2) the assets and liabilities of the spouses; 3) the desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage; 4) the liquidity of the property to be distributed; 5) the economic desirability of retaining intact an asset or an interest in an asset; 6) the tax consequences of the property division upon the respective awards to be made to each spouse; 7) the costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property; 8) any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses; and 9) any other factor the court expressly finds to be relevant and equitable.
 {¶ 23} Joseph argues the trial court erred by not equitably dividing the parties' PERS pension accounts. But this argument is meritless. At the 2003 hearing, Joseph testified that he was not making a claim on Cindy's pension and that she was not making a claim on his. Furthermore, the record does not provide sufficient evidence for the trial court to value and equitably divide these assets. There is some testimony supporting a conclusion that Cindy's PERS account was more valuable than Joseph's, but without more specific testimony, the trial court could not equitably divide this property. The trial court did not abuse its discretion when it allowed each party to retain their PERS accounts.
 {¶ 24} Joseph next challenges the trial court's factual conclusion that it should increase Cindy's share of the marital property since she paid the property taxes for Joseph's separate real property. He contends this was error since, "contributions and expenditures during a marriage are to be considered as equal. * * * To find differently would require a trial court to examine every contribution and expenditure during a marriage and attempt to allocate then [sic] at divorce. This task would not only be illogical but also impossible." This argument is also meritless.
 {¶ 25} First, the law Joseph cites in support of this argument does not apply to this situation. R.C. 3105.171 governs a trial court's division of marital property. R.C. 3105.18
governs a trial court's decision to award spousal support. Thus, Joseph citation to R.C. 3105.18 when arguing about property division is inappropriate.
 {¶ 26} Second, the trial court's decision is supported by the evidence. Essentially, the trial court concluded that marital funds were used to maintain Joseph's separate property by paying the property taxes on his separate real estate. Cindy's testimony supports this conclusion and Joseph did not testify to the contrary at any of the hearings. Thus, the trial court did not err when it concluded that Cindy's share of the marital property should be increased because martial funds helped maintain Joseph's separate property.
 {¶ 27} Joseph next contends that the record does not support the trial court's finding that it could trace Cindy's separate interest in the marital property, but not his own. But once again, Joseph is incorrect. Cindy testified that she contributed separate property funds to the down payment of the house and provided some proof that she did so. Joseph disputed Cindy's testimony and stated that she contributed little to the down payment and that he paid the rest of it. But Joseph offered no evidence supporting his testimony. The trial court believed Cindy's testimony and specifically found that Joseph could not trace the remaining potion of the down payment to separate property.
 {¶ 28} Joseph's complaint essentially is that the trial court believed Cindy's testimony, but not his. A trial court's determinations concerning the credibility of witnesses are given great deference by a reviewing court since it is vested with wide discretion to determine the weight of the evidence and the credibility of witnesses. Goswami v. Goswami,152 Ohio App.3d 151, 2003-Ohio-0803, ¶ 22; Anderson v. Anderson,147 Ohio App.3d 513, 2002-Ohio-1156, ¶ 74. "This court prefers yielding to the trial judge, who `is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" Dollar Sav. Trust Co. v. Trocheck (1999),132 Ohio App.3d 531, 539, citing Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80. Accordingly, we must defer to the trial court's conclusion. It believed Cindy's claim that her separate property contributed to the down payment on the house because she had documentation supporting her testimony. It disbelieved Joseph's testimony because he had no documents supporting that testimony. The trial court did not err when making this credibility determination.
 {¶ 29} Joseph finally argues that the trial court erred by making him responsible for certain marital debts since he and Cindy both enjoyed the fruits of those debts. But his argument ignores the fact that the division of the marital debt is a small part of the division of the entire marital property.
 {¶ 30} The trial court summarized its division of the marital property in its judgment entry. It found that the parties' marital residence was worth $18,590.00 and that their equity in that home was $8,890.00. From this net amount, the trial court subtracted Cindy's separate property contribution to the down payment. Thus, it found the net marital value of the home was $5,290.00. It found that the net martial value of the tools was $24,874.00. No other assets, such as a truck or the parties' other personal property, were valued at trial. The trial court found that the parties would retain the other personal property in their possession. And it found a net value of zero on the truck, essentially figuring that the value of the truck and the cost of the loan from Joseph's mother to buy it were equal. Thus, the only assets the trial court found the parties had which had any appreciable value were the home and the tools.
 {¶ 31} The trial court awarded the home to Cindy and the tools to Joseph. When doing so, it also made Cindy responsible for a debt owed on a water heater for the home. The record was silent regarding the outstanding balance on that loan. Thus, Cindy received $5,290.00 in the division of the property minus an uncertain amount owed on the water heater.
 {¶ 32} In contrast, it awarded the tools to Joseph. Some of those tools had been stolen. But it is not clear what the value of the stolen tools actually was. Furthermore, Joseph had the opportunity to pursue a claim for the stolen tools with his insurance company and the trial court awarded him all the insurance proceeds from those tools. Since Joseph was receiving the more valuable asset, the trial court also made him responsible for some of the outstanding marital debt, which amounted to a $10,000.00 credit card bill and a $3,500.00 bank loan. So the net value of the assets awarded to Joseph was $11,374.00 minus the uncertain value of the stolen tools.
 {¶ 33} The trial court's choices when dividing the marital property were equitable based on the values it ascribed to the marital property. Joseph bears the burden of greater marital debt because he was awarded most of the marital assets. Thus, the trial court did not abuse its discretion when dividing the marital property. Joseph's arguments to the contrary are meritless.
 Spousal Support {¶ 34} In his brief, Joseph seems to argue that the trial court erred when originally awarding spousal support to Cindy. But he also argues that the trial court erred by not modifying its past award when entering the decree now being appealed. Regardless, the trial court could not grant him the relief he was requesting.
 {¶ 35} While the first appeal in this case was pending, Joseph did not move to stay execution of the trial court's judgment, so he was obligated to pay the spousal support in accordance with the trial court's original judgment entry. And he did not move that the trial court modify its spousal support award while that appeal was pending based on the change in Cindy's circumstances which led her to withdraw her request for spousal support. Instead, he moved that he be reimbursed for the spousal support he had already paid in accordance with the trial court's original judgment entry after this court remanded this case for further proceedings.
 {¶ 36} When a trial court agrees to modify a permanent spousal support order, it has the discretion to make its order retroactive to the date the motion for modification was filed.Bowen v. Bowen (1999), 132 Ohio App.3d 616, 640; Merkle v.Merkle (1996), 115 Ohio App.3d 748, 754. In this case, the first day the trial court was notified that Joseph wished to modify the spousal support previously ordered was on the day of the final hearing on remand. Thus, the trial court could not have made any order modifying spousal support retroactive to a date prior to that hearing.
 {¶ 37} Ohio's appellate courts have affirmed a trial court's order that one party reimburse the other party for spousal support paid under a temporary spousal support order when the trial court determines after a final hearing that the temporary order was excessive. See Schwartz v. Schwartz (Apr. 20, 2001), 11th Dist. No. 2000-L-068. But Joseph cannot avail himself of this caselaw since the order in this case was not a temporary order. Instead, it was a permanent order of spousal support entered in a final divorce decree subject to review under the standards used to review permanent spousal support orders.
 {¶ 38} We understand Joseph's frustration. He paid money under an order vacated by this court and wants those funds to be reimbursed. But Joseph could have challenged the necessity to pay those funds at an earlier stage in the litigation. He might have not been required to pay those funds if he had asked this court to stay execution of the trial court's judgment. If there was evidence that Cindy no longer needed spousal support while the first appeal was pending, Joseph could have moved for the trial court to modify its permanent spousal support award. And Joseph could have moved to clarify that he no longer needed to pay the spousal support immediately after we issued our opinion in the first appeal. Joseph did not take timely action to preclude his obligation to pay these funds. Accordingly, the trial court could not have granted Joseph the relief he requested.
 {¶ 39} The trial court did not abuse its discretion when denying Joseph's request that he be reimbursed for the spousal support that he was ordered to pay under the trial court's original judgment entry. Joseph's argument to the contrary is meritless.
 Conclusion {¶ 40} Joseph's arguments in support of his assignments of error are all meritless. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.