[Cite as *Countrywide Home Loans Servicing, L.P. v. Burden*, 2011-Ohio-5949.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

COUNTRYWIDE HOME LOANS     :
SERVICING, L.P.
     Plaintiff-Appellee      :     C.A. CASE NO. 24569

vs.                      :     T.C. CASE NO. 09CV398

KIMBERLIE BURDEN, ET AL.    :     (Civil Appeal from
                              Common Pleas Court)
     Defendants-Appellants    :

. . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2011.

. . . . . . . . .

Patricia K. Block, Atty. Reg. No. 0069539, 120 East Fourth Street, Suite 800, Cincinnati, OH 45201
     Attorney for Plaintiff-Appellee

Richard A. Boucher, Atty. Reg. No. 0033614; Julia C. Kolber, Atty. Reg. No. 0078855; Lauren E. Grant, Atty. Reg. No. 0087315, 12 W. Monument Avenue, Suite 200, Dayton, OH 45402
     Attorneys for Defendants-Appellants

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from a final order overruling a motion filed pursuant to Civ.R. 60(B), asking the court to vacate a summary judgment on a complaint in foreclosure.

{¶ 2} On January 15, 2009, Countrywide Home Loans Servicing,

L.P.[1] ("Countrywide") filed a complaint in foreclosure against Steven and Kimberlie Burden. Before service of the complaint and summons on the Burdens was perfected, Countrywide filed a motion for default judgment on its foreclosure claim for relief on March 13, 2009. The court granted a default judgment for Countrywide on March 18, 2009.

{¶ 3} The Burdens filed a "Response Brief" to Countrywide's complaint on July 20, 2009. On December 3, 2009, Countrywide moved for summary judgment on its claim in foreclosure. The trial court granted summary judgment for Countrywide on January 12, 2010.

{¶ 4} On August 30, 2010, the Burdens filed a motion to vacate the trial court's January 12, 2010 order granting summary judgment and decree in foreclose to Countrywide, arguing that (1) they have meritorious defenses; (2) the trial court made a substantive mistake of law when it retained jurisdiction and issued the January 12, 2010 order, despite the fact that the trial court previously issued a final order on March 18, 2009, the default judgment, that had not been vacated; and (3) the trial court's January 12, 2010 order is estopped based on the doctrine of res judicata because the March 18, 2009 order serves as a complete bar to any subsequent

---

[1]On May 22, 2009, Countrywide filed a Civ.R. 25(C) motion to substitute BAC Home Loans Servicing LP as the party plaintiff. To minimize confusion, we will refer to Plaintiff throughout this opinion as Countrywide.

action on the same claim or cause of action between the parties or those in privity with them.

{¶ 5} On March 23, 2011, the trial court overruled the Burdens' Civ.R. 60(B) motion. The trial court found that although the Burdens had alleged a meritorious defense, they had not presented any evidence or facts to the court in support of this defense. Further, the trial court found that Defendants were not entitled to relief under any of the grounds stated in Civ.R. 60(B)(1)-(5). The court stated that the March 18, 2009 default judgment was void and of no effect because of a lack of service on Defendants, and therefore the court retained jurisdiction to grant Countrywide's motion for summary judgment on January 12, 2010. Defendants filed a timely notice of appeal.

FIRST ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' MOTION TO VACATE JUDGMENT BY NOT APPLYING CIV.R. 60(B)."

{¶ 7} Defendants argue that the trial court erred when the court overruled their motion for Civ.R. 60(B) relief from the summary judgment for Plaintiff the court had granted, because the prior default judgment, being a final order, operated to terminate the court's jurisdiction.

{¶ 8} "Jurisdiction" means the court's statutory and constitutional power to adjudicate a case. *State ex rel. Ohio*

*Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202. Jurisdiction is complete when the subject matter of an action and the parties to an action are properly before the court. *State ex rel. Baker v. Toledo State Hospital* (1951), 88 Ohio App.3d 345. Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, the right to hear and determine is perfected and the decision of every question thereafter arising is but the exercise of the jurisdiction conferred. *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245. A judgment entered by a court that proceeded without jurisdiction is void ab initio. *Dollar Savings & Trust Co. v. Trocheck* (1999), 132 Ohio App.3d 531, 535, and is a legal nullity for all purposes. *Hayes v. Kentucky Joint Stock Land Bank of Lexington* (1932), 125 Ohio St. 359.

{¶ 9} Defendants had not been served with a summons and complaint in the action when the trial court entered a default judgment against them. Because they were not properly before the court and parties to the action, the court lacked jurisdiction to enter the default judgment. *Baker*. The default judgment was therefore void and a legal nullity. *Trocheck*; *Hayes*. Being a legal nullity, the default judgment could have no effect on the court's subsequent exercise of its jurisdiction in the action.

{¶ 10} Defendants remedied the court's lack of personal

jurisdiction when they filed their "Response Brief," which constitutes a voluntary appearance that put them properly before the court. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156. Civ.R. 56 authorizes the court to rule on a motion for summary judgment that either party then filed.

{¶ 11} Defendants moved to vacate the summary judgment the court granted on Plaintiff's motion, pursuant to Civ.R. 60(B). "To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150 (citations omitted).

{¶ 12} Relative to the second prong of *GTE v. ARC*, Defendants argue that the trial court made a mistake of law when, following the default judgment, the court granted Plaintiff's motion for summary judgment, because the default judgment was a final order that terminated the court's jurisdiction in the action. As we pointed out, the default judgment was void and a legal nullity, so it had no effect on the court's subsequent acquisition of

jurisdiction when Defendants made their voluntary appearance.

{¶ 13} Defendant's lack of jurisdiction claim fails on its merits. Furthermore, as an alleged error of law, their claim cannot offer grounds for relief under Civ.R. 60(B)(1)-(5). Those grounds for relief present a collateral attack on a final order for reasons which are essentially equitable in nature. Errors of law are reviewable on appeal.

{¶ 14} The first assignment of error is overruled.

<u>SECOND ASSIGNMENT OF ERROR</u>

{¶ 15} "THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' MOTION TO VACATE JUDGMENT WITHOUT ADDRESSING APPELLANT'S RES JUDICATA ARGUMENT."

{¶ 16} Defendants argue that the trial court's March 18, 2009 order granting a default judgment to Countrywide serves as a complete bar to the trial court subsequently entering summary judgment in favor of Countrywide. As we explained above, the March 18, 2009 order was void ab initio due to the lack of service of process on Defendants. Consequently, the March 18, 2009 order cannot be used as a basis for the application of the doctrine of res judicata.

{¶ 17} The second assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And HALL, J., concur.

Copies mailed to:

Patricia K. Block, Esq.
Richard A. Boucher, Esq.
Julia C. Kolber, Esq.
Lauren E. Grant, Esq.
Hon. Barbara P. Gorman