[Cite as *JP Morgan Chase Bank, Natl. Assn. v. Heckler*, 2013-Ohio-2388.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION,

     PLAINTIFF-APPELLEE,

                                   CASE NO.  14-12-26

     v.

BELINDA HECKLER,

     DEFENDANT-APPELLANT,
     -and-                             O P I N I O N

UNION COUNTY TREASURER, ET AL.,

     DEFENDANTS-APPELLEES.

Appeal from Union County Common Pleas Court
Trial Court No. 2012-CV-0253

Judgment Affirmed

Date of Decision:   June 10, 2013

APPEARANCES:

     *John Sherrod*  for Appellant

     *Thomas Wyatt Palmer and Laura A. Hauser*  for Appellee,
          JP Morgan Chase Bank, N.A.

**SHAW, J.**

{¶1} Defendant-appellant, Belinda Heckler ("Belinda"), appeals the October 18, 2012 judgment of the Union County Court of Common Pleas granting a motion for summary judgment filed by plaintiff-appellee, JP Morgan Chase Bank ("the Bank"), and issuing a foreclosure decree.

{¶2} The facts in this case are undisputed by the parties. On December 15, 2005, Bradley Heckler, Belinda's husband, executed a promissory note with the Bank in the amount of $134,000, plus interest, for the purchase of a home. Belinda was not a party to the promissory note; however, she did sign the mortgage giving a security interest in the property to secure the loan.

{¶3} The record indicates that beginning in February 2009 Bradley failed to make the monthly payments on the loan.

{¶4} On November 18, 2009, the Bank sent Bradley a letter informing him that the loan was now in default due to his failure to pay the required monthly installments and announcing the Bank's intent to accelerate the loan under the terms of the Mortgage. The parties agree that this letter complied with all the acceleration notice requirements stated in the Mortgage.

{¶5} The record indicates that on October 7, 2010, Bradley passed away.

{¶6} In 2011, the Bank initiated a foreclosure action. For reasons not apparent in the record, the Bank voluntarily dismissed this first foreclosure proceeding.

{¶7} In a letter dated June 15, 2012, the Bank again notified Belinda of the default and accelerated the loan.

{¶8} On June 20, 2012, the Bank filed a complaint in foreclosure listing Belinda as a defendant. The complaint stated that by reason of the default, the Bank had accelerated the debt and the sum of $128,825.09, together with an interest rate of 6.25% per year from February 1, 2009, plus other permissible costs, was due and owing. The record indicates that at the time this second foreclosure action was initiated, Belinda still resided in the home.

{¶9} In an affidavit, Belinda averred that she received the June 15, 2012 letter from the Bank's attorney on June 21, 2012, one day after the filing of the complaint in this action.

{¶10} Belinda subsequently filed an answer asserting various defenses and in particular asserting that the Bank "failed to meet certain conditions precedent under the promissory note and/or mortgage that are the subject of this lawsuit. Specifically, but not limited to, Plaintiff failed to meet any applicable notice requirements relating to advising [Belinda] of [the Bank's] intent to accelerate and/or foreclose and/or to advising [Belinda] of its [sic] right to reinstate/redeem

prior to acceleration and/or foreclosure, including those regulations promulgated by the HUD Secretary." (Answer at 3-4).

{¶11} On July 20, 2012, Belinda filed a motion for summary judgment alleging that the Bank's failure to provide her with a second notice of its intent to accelerate the loan, which complied with the terms of the Mortgage, precluded it from initiating the instant foreclosure proceeding. The Bank subsequently filed a response to Belinda's motion for summary judgment, claiming that it complied with the requisite notice requirements on November 18, 2009, when it sent notice of its intent to accelerate the loan to Belinda's husband, Bradley.

{¶12} On August 29, 2012, the Bank filed a motion for summary judgment asserting that there was no genuine issue of material fact that it complied with the necessary notice requirements under the terms of the Mortgage and that it was entitled to judgment as a matter of law.

{¶13} On October 18, 2012, the trial court overruled Belinda's motion for summary judgment, finding that the Bank complied with the acceleration notice requirements in the Mortgage.

{¶14} On October 28, 2012, the trial court granted the Bank's motion for summary judgment and issued a decree in foreclosure.

{¶15} Belinda now appeals, asserting the following assignment of error.

**THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT GIVEN THAT**

**APPELLEE DID NOT PROVIDE PROPER NOTICE OF ITS INTENT TO FORECLOSE UPON APPELLANT PRIOR TO FILING THE FORECLOSURE ACTION.**

{¶16} At the outset, we note that the parties do not dispute that the loan is in default. Rather, in her sole assignment of error, Belinda argues that the Bank's letter dated June 15, 2012 did not comply with the acceleration notice requirements set forth in the Mortgage. Belinda concedes that the November 18, 2009 letter sent from the Bank to her late husband complied with the proper notice requirements. However, on appeal Belinda contends that the Mortgage required the Bank to send her a second Notice again informing her of its intent to accelerate the debt prior to filing the instant foreclosure action.

{¶17} For its part, the Bank maintains that its November 18, 2009 letter was sufficient to comply with the acceleration notice requirement for the instant foreclosure action and that it was not required to send a second Notice before initiating this foreclosure action. The Bank further argues that Belinda has not provided any evidence that "deceleration" or reinstatement of the loan has occurred since the November 18, 2009 Notice was given.

{¶18} Initially, we note that an appellate court reviews a grant of summary judgment de novo, without any deference to the trial court. *Conley–Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (1998). A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C)

are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); s*ee Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995–Ohio–286, paragraph three of the syllabus.

{¶19} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, syllabus (1988). The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996–Ohio–107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. *See* Civ.R. 56(E).

{¶20} " 'Mortgages, being voluntary security agreements incident or collateral to a primary obligation, are susceptible to the same rules of interpretation and the same framework of analysis which apply to contracts generally.' " *Ogan v. Ogan*, 122 Ohio App.3d 580, 584 (12th Dist. 1997), quoting

*First Federal S. & L. Assn. of Toledo v. Perry's Landing, Inc.*, 11 Ohio App.3d 135, 143 (6th Dist. 1983). "Contract interpretation is a matter of law, and questions of law are subject to de novo review on appeal." *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007–Ohio–5026, ¶ 38, citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995). Courts must give common words their ordinary meaning unless manifest absurdity would result or some other meaning is clearly evidenced from the face or overall contents of the written instrument. *In re All Kelley & Ferraro Asbestos Cases,* 104 Ohio St.3d 605, 2004–Ohio–7104, ¶ 29. "If a contract is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations; instead, the court must give effect to the agreement's express terms." *Uebelacker v. Cincom Sys., Inc.*, 48 Ohio App.3d 268, 271, (1st Dist.1988).

**{¶21}** The provision of the Mortgage at issue states the following:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument[.] The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-**

> **existence of a default or any other defense of Borrower to acceleration and foreclosure.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.**

(Mortgage at 13).

**{¶22}** As previously discussed, the primary issue on appeal is whether paragraph 22 of the Mortgage required the Bank to send Belinda a second Notice prior to filing the instant foreclosure action.   In overruling Belinda's motion for summary judgment, the trial court specifically concluded the following:

> **The Court finds that the requirements set forth in Paragraph 22 of the Mortgage were not intended to require a Lender to repeatedly perform the provision set forth within at the initiation of subsequent lawsuits, but were in fact intended to put the Borrower on notice at the onset of the initial acceleration of the debt.  Had either party presented evidence that the Borrower had reinstated the loan at any point prior to the commencement of this lawsuit, the Court would most certainly have reached an alternate conclusion.  The Court further finds that the fact that [Belinda] has known of [the Bank's] ongoing intent to accelerate the debt for nearly three years constituted sufficient Notice and provided the Borrower more than adequate opportunity to make contact with her lender to discuss retention options.  The Court finds that the provisions set forth in Paragraph 22 are not required in re-filed actions, and thus not a condition precedent unless the loan has been reinstated or modified following the proper initial Notice.**

(JE, Oct. 18, 2012 at 3).

{¶23} In reviewing the language at issue, we concur with the analysis of the trial court that paragraph 22 does not require the Bank to issue a new Notice every time it initiates a judicial proceeding on the Mortgage, but instead requires that the Bank give the Borrower proper notice prior to the initial acceleration of the debt. Here, it is undisputed by the parties that the Bank's November 18, 2009 letter complied with the acceleration notice requirements in the Mortgage. Thus, for nearly three years Belinda had notice of the Bank's ongoing intent to accelerate the debt. There is no evidence presented by either party that in that time Belinda made any attempt to contact the Bank to cure the default or to modify the terms of the loan, despite being given the appropriate information by the Bank and ample opportunity to do so. Accordingly, because the parties were in the same position at the initiation of the instant foreclosure action in June of 2012 as they were in November of 2009 when the initial Notice was issued, we find that in this instance the Bank met its notice obligations under the Mortgage. Based on the foregoing, we conclude that the trial court did not err in granting the Bank's motion for summary judgment.

{¶24} For all these reasons, the assignment of error is overruled and the judgment of the Union County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**
**/jlr**