[Cite as *Oliveri v. OsteoStrong*, 2021-Ohio-1694.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BEATRICE OLIVERI, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-L-104** |
| OSTEOSTRONG, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 000781.

Judgment: Reversed and remanded.

*Mitchell A. Weisman* and *R. Matthew Weisman*, Weisman Law Firm, 25201 Chagrin Boulevard, Suite 270, Beachwood, Ohio 44122 (For Plaintiff-Appellant).

*Carol K. Metz*, Travelers Insurance, P.O. Box 64093, St. Paul, Minnesota 55164 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Beatrice Oliveri, appeals the decision awarding summary judgment in favor of appellee, OsteoStrong. We reverse and remand.

{¶2} In May 2016, Oliveri was given two free sessions to work out at OsteoStrong after attending a presentation at a senior center. Before she went to OsteoStrong, Oliveri, who suffers from osteoporosis, consulted her doctor who advised her to be careful.

{¶3} At her first session, Oliveri completed a wellness assessment that includes participant information and a release from liability. The end of the assessment states:

I am physically capable of participating in an exercise program or the OsteoStrong system. I have either received permission from my doctor to perform the exercise and the OsteoStrong system or I decided to participate in the OsteoStrong program without consulting my physician and I assume all responsibilities for my decision to engage in the OsteoStrong program. I waive my right to pursue legal action against OsteoStrong, its owners, partners, and agents for any physical or mental anguish that I may incur as a result of my participating with the OsteoStrong system.

{¶4} After signing the assessment, Oliveri met with an instructor and told him that she was afraid to try the exercises. The instructor assured her that the program was "completely different" and "there was minimal, very minimal risk." Oliveri completed the first session in two to five minutes and experienced no pain.

{¶5} At her second session, Oliveri's instructor was Justin Ramey. This session consisted of four exercises. As she completed her fourth exercise, Ramey told her to repeat it and to "do it harder, harder." When Oliveri attempted to do so, she felt and heard a "pop" that took her breath away. She was eventually diagnosed with a thoracic compression fracture.

{¶6} Oliveri filed suit against OsteoStrong; Bill Atterbury and Dennis Durkin, the owners of OsteoStrong; and True Wellness, LLC, the manufacturer of the OsteoStrong machines. She alleged they were negligent by failing to warn of a known dangerous condition; by failing to instruct her on the use of the machine; by allowing its employees, agents, and consumers to use dangerous machines; by failing to supervise employees on the proper methods to use the machines; and by failing to inspect and maintain the equipment.

{¶7} Oliveri eventually voluntarily dismissed her claims against True Wellness, LLC, Bill Atterbury, and Dennis Durkin. OsteoStrong, the sole remaining defendant,

moved for summary judgment claiming (1) that Oliveri waived her right to pursue legal action against it by signing the written waiver and (2) that she assumed the risk of injury under the theories of express assumption of the risk, primary assumption of the risk, and implied assumption of the risk.

{¶8} Oliveri argued in opposition that the written waiver was ambiguous and therefore invalid. She also argued she did not assume the risk of her injuries and that genuine issues of material fact remained as to whether the OsteoStrong program is inherently dangerous.

{¶9} The trial court held that summary judgment was warranted on the grounds of waiver and express assumption of the risk, finding the waiver clear and unambiguous. In light of its decision finding Oliveri expressly waived her right to sue for her injuries, it did not address the arguments regarding primary and implied assumption of the risk.

{¶10} We collectively address Oliveri's assignments of error:

{¶11} "[1.] The trial court erred by granting summary judgment based on its determination that Appellee's 'waiver' is clear and unambiguous, the interpretation of which is a question of fact for a jury since reasonable minds could come to different conclusions.

{¶12} "[2.] The trial court erred by granting summary judgment on the grounds of express assumption of risk because Appellee did not expressly specify that Ms. Oliveri was waiving her right to sue for injuries due to Appellee's negligence."

{¶13} Oliveri contends there are genuine issues of material fact as to whether the waiver she signed is clear and unambiguous and whether she expressly assumed the risk of her injury.

3

{¶14} "Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion adverse to the nonmoving party." *Allen v. 5125 Peno, LLC*, 11th Dist. Trumbull No. 2016-T-0120, 2017-Ohio-8941, 101 N.E.3d 484, ¶ 6, citing *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Allen* at ¶ 6, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Id.*

{¶15} Not every factual dispute precludes summary judgment; only disputes as to material facts that may affect the outcome preclude summary judgment. *Bender v. Logan*, 4th Dist. Scioto No. 14CA3677, 2016-Ohio-5317, 76 N.E.3d 336, ¶ 49, citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶16} Oliveri contends the trial court erred in finding that the waiver in her wellness assessment was clear and unambiguous. She argues the contract language does not mention negligence or liability and that "physical anguish" has more than one meaning. Thus, she claims summary judgment was not warranted.

{¶17} "Express assumption of risk * * * arise[s] where a person expressly contracts with another not to sue for any future injuries which may be caused by that person's negligence." *Anderson v. Ceccardi*, 6 Ohio St.3d 110, 114, 451 N.E.2d 780 (1983). Express assumption of the risk is the same as waiving the right to recover. *See Holmes*

4

*v. Health & Tennis Corp. of Am.*, 103 Ohio App.3d 364, 367, 659 N.E.2d 812 (1st Dist.1995).

{¶18} "For express assumption of risk to operate as a bar to recovery, the party waiving his right to recover must make a conscious choice to accept the consequences of the other party's negligence." *Id.* at 367, citing *Anderson* at 114. "It follows that in order for a conscious acceptance to be made, an agreement purporting to constitute an express assumption of risk must state a clear and unambiguous intent to release the party from liability for its negligence." *Holmes* at 367, citing *Tanker v. N. Crest Equestrian Ctr.*, 86 Ohio App.3d 522, 621 N.E.2d 589 (9th Dist.1993).

{¶19} Further, "'[r]eleases from liability for future tortious conduct are generally not favored by the law and are narrowly construed.'" *Reo v. Allegiance Admrs. LLC*, 11th Dist. Lake No. 2017-L-112, 2018-Ohio-2464, ¶ 20, quoting *Brown-Spurgeon v. Paul Davis Sys. of Tri-State Area, Inc.*, 12th Dist. Clermont No. CA2012-09-069, 2013-Ohio-1845, ¶ 50, citing *Glaspell v. Ohio Edison Co.*, 29 Ohio St.3d 44, 46-47 (1987). However, courts routinely apply releases from future tort liability if the intent of the parties regarding what kind of liability and what individuals or entities are being released is clear and unambiguous. *Reo* at ¶ 20. The words "release" or "negligence" are not necessary to clearly and unambiguously waive a right. *See Hall v. Woodland Lake Leisure Resort Club, Inc.*, 4th Dist. Washington No. 97CA945, 1998 WL 729197, *6 (Oct.15, 1998).

{¶20} When a writing is clear and unambiguous, the interpretation is a question of law. *Pruitt v. Strong Style Fitness,* 8th Dist. Cuyahoga No. 96332, 2011-Ohio-5272, ¶ 8, citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978). "Ambiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation." *Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 2008-Ohio-

5

4838, 896 N.E.2d 666, ¶ 16.  Moreover, we must read the clauses as a whole, not piecemeal.  *Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St.2d 166, 172, 436 N.E.2d 1347 (1982).

{**¶21**}  In interpreting contracts, "Courts must give common words their ordinary meaning unless manifest absurdity would result or some other meaning is clearly evidenced from the face or overall contents of the written instrument."  *JP Morgan Chase Bank, Natl. Assn. v. Heckler*, 3d Dist. Union No. 14-12-26, 2013-Ohio-2388, ¶ 20, citing *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 29.  And, although not always explicitly referenced or relied on, the rules of grammar are elemental whenever reading and understanding any writing, especially a contract.  "Proper contract interpretation includes the application of ordinary rules of grammar."  17A C.J.S. Contracts § 406; *see Gahanna v. Ohio Mun. Joint Self-Ins. Pool*, 10th Dist. Franklin No. 20AP-265, 2021-Ohio-445, ¶ 12 ("The court must read words and phrases in context and apply the rules of grammar and common usage.").

{**¶22**}  As stated, the wellness assessment includes a waiver before Oliveri's signature:

> I am physically capable of participating in an exercise program or the OsteoStrong system.  I have *either* received permission from my doctor to perform the exercise and the OsteoStrong system *or* I decided to participate in the OsteoStrong program without consulting my physician and I assume all responsibilities for my decision to engage in the OsteoStrong program.  I waive my right to pursue legal action against OsteoStrong, its owners, partners, and agents for any physical or mental anguish that I may incur as a result of my participating with the OsteoStrong system.

(Emphasis added.)

{¶23} With respect to the provision: "I assume all responsibilities for my decision to engage in the OsteoStrong program," this language alone is so general as to have no meaning. *See Tanker*, 86 Ohio App.3d at 524-526 (agreement "[t]o assume full responsibility and liability for any and all * * * personal injury * * * associated with the riding * * * of any horse or horses at North Crest Equestrian Center * * *" held to be "so general as to be meaningless"), and *Isroff v. Westhall Co.*, 9th Dist. Summit No. 14184, 1990 WL 15192, *2 (Feb. 21, 1990) ("It is a well-recognized rule that a release that is so general that it includes within its terms claims of which the releasor was ignorant, and thus not within the contemplation of the parties when the release was executed, will not bar recovery of such claims.").

{¶24} This language, however, is not determinative. It is the next sentence that dictates the breadth of the waiver: "I waive my right to pursue legal action against OsteoStrong, its owners, partners, and agents for any physical or mental anguish that I may incur as a result of my participating with the OsteoStrong system."

{¶25} Here, as previously stated, the trial court read this clause as waiving actions for physical and mental "injury" through its use of the term "anguish," but the words clearly import different meanings.

{¶26} "Anguish" is defined as "extreme pain, distress, or anxiety." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/anguish (accessed Apr. 2, 2020). "Injury" is defined as "hurt, damage, or loss sustained," "an act that damages or hurts," or "a violation of another's rights for which the law allows an action to recover damages." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/injury (accessed Apr. 15, 2020).

7

{¶27} Although we recognize that a waiver need not use the word "negligence" to effectively waive such a claim, the waiver at issue here is ineffective by its own terms to waive a negligence action, as damages in negligence are not required to rise to the level of "anguish" to be recoverable. Oliveri's assigned errors have merit because the release language does not waive and release OsteoStrong from claims for all injury.

{¶28} Notwithstanding, OsteoStrong raised alternative grounds for summary judgment that the trial court did not address. And OsteoStrong urges us to affirm the court's summary judgment decision based on its alternative arguments raised and briefed to the trial court.

> "[We apply] the same summary judgment standard as the trial court and [will] affirm the trial court's judgment if any valid grounds are found on appeal to support it, even if the trial court failed to consider those grounds." *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995); *see also Ludwigsen v. Lakeside Plaza, LLC*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 39; and *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, ¶ 51 ("We have consistently held that a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons."). *But see Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 89 (1992) (where the trial court *specifically* declined to address an alternative ground for its decision to grant summary judgment in favor of appellees, the issue was not properly before the court of appeals), and *B.F. Goodrich Co. v. Commercial Union Ins.*, 9th Dist. Summit No. 20936, 2002-Ohio-5033, ¶ 38."

(Emphasis sic.) *Reo*, 2018-Ohio-2464, at ¶ 25. *But see Adlaka v. N.Y. Life Ins. & Annuity Corp.*, 7th Dist. Mahoning No. 13 MA 171, 2015-Ohio-605, 27 N.E.3d 871, ¶ 9 (declining to review alternative basis for summary judgment in the first instance).

{¶29} The two alternative grounds for summary judgment argued to the trial court are primary assumption of the risk and implied assumption of the risk. Each of Oliveri's claims is based on negligence.

8

{¶30} "To establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Peterson v. Martyn*, 10th Dist. Franklin No. 17AP-39, 2018-Ohio-2905, ¶ 28, citing *Menifee v. Ohio Welding Prods. Inc.*, 15 Ohio St.3d 75, 77 (1984) and *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981). "A defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." (Citation omitted.) *Peterson* at ¶ 28.

{¶31} "[P]rimary assumption of risk, when applicable, prevents a plaintiff from establishing the duty element of a negligence case and so entitles a defendant to judgment as a matter of law * * *." *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 433, 659 N.E.2d 1232 (1996).

{¶32} "'The test for applying the doctrine of primary assumption of the risk to recreational activities and sporting events requires that "(1) the danger is ordinary to the game, (2) it is common knowledge that the danger exists, and (3) the injury occurs as a result of the danger during the course of the game."'" *Morgan v. Kent State Univ.*, 10th Dist. Franklin No. 15AP-685, 2016-Ohio-3303, 54 N.E.3d 1284, ¶ 12, quoting *Morgan v. Ohio Conference of the United Church of Christ*, 10th Dist. Franklin No. 11AP-405, 2012-Ohio-453, ¶ 13, quoting *Santho v. Boy Scouts of Am.*, 168 Ohio App.3d 27, 2006-Ohio-3656, 857 N.E.2d 1255, ¶ 12 (10th Dist.); *Peterson* at ¶ 32.

> "'To be covered under the [primary-assumption-of-the-risk] doctrine, the risk must be one that is so inherent to the sport or activity that it cannot be eliminated.'" *Horvath v. Ish,* 134 Ohio St.3d 48, 2012-Ohio-5333, 979 N.E.2d 1246, ¶ 19, quoting *Konesky v. Wood Cty. Agricultural Soc.,* 164 Ohio App.3d 839, 2005-Ohio-7009, 844 N.E.2d 408, ¶ 19 (6th Dist.), citing *Westray v. Imperial Pools & Supplies, Inc.,* 133 Ohio App.3d 426, 432, 728 N.E.2d 431 (6th Dist.1999).

9

"Where the risk at issue is not inherent, then a negligence standard applies." *Id.*

*Morgan v. Kent State Univ.* at ¶ 13. Some examples of risks inherent to a sport or recreational activity include the risk of being hit by an errant golf ball at a driving range, the risk of colliding with another horse when harness racing, and the risk of falling on the ice at an ice-skating rink. *Bundschu v. Naffah*, 147 Ohio App.3d 105, 768 N.E.2d 1215 (7th Dist.2002); *Sugg v. Ottawa Cty. Agricultural Soc.*, 6th Dist. Ottawa No. 90-OT-005, 1991 WL 59877 (Apr. 19, 1991); *Santho* at ¶ 13.

{¶33} "'Because of the great impact a ruling in favor of a defendant on primary assumption of risk grounds carries, a trial court must proceed with caution when contemplating whether primary assumption of risk completely bars a plaintiff's recovery.'" *Morgan v. Kent State Univ.* at ¶ 16, quoting *Gallagher* at 432.

{¶34} According to her testimony, Oliveri was injured while exercising on an OsteoStrong machine under an OsteoStrong employee's supervision. She was injured while evidently correctly performing the exercise. There is no evidence that she was injured as a result of a danger inherent in the exercise or of some inherent danger faced while working out at a gym. Oliveri was not injured after stumbling off a treadmill, from an unsecured weight falling on her foot, or from getting hit by an errant ball. Because she was not injured by a danger ordinary to the sport or exercise, we disagree that the doctrine of primary assumption of the risk applies to these facts, and as such, summary judgment on this basis was not warranted.

{¶35} Last, we address OsteoStrong's final summary judgment argument, i.e., that Oliveri impliedly assumed the risk of suffering a fracture when exercising with osteoporosis.

10

{¶36} "Implied assumption of risk has been merged into Ohio's comparative negligence statute, R.C. 2315.33." *Peterson*, 2018-Ohio-2905, at ¶ 37, citing *Anderson*, 6 Ohio St.3d 110, at paragraph one of the syllabus. "Pursuant to the comparative negligence statute, the trier of fact must apportion relative degrees of fault between the plaintiff and the defendant in deciding the issue of negligence. * * * Thus, implied assumption of risk 'ordinarily involves questions of fact that generally are to be decided by the fact finder.'" *Peterson* at ¶ 37, quoting *Durnell v. Raymond Corp.*, 10th Dist. Franklin No. 98AP-1577, 1999 WL 1084205, *2 (Nov. 16, 1999).

{¶37} Here, OsteoStrong claims that Oliveri knew that she was high risk for suffering from bone fractures when exercising, and as such, summary judgment is warranted in its favor because she assumed the risk. Oliveri contends, however, that she relied on OsteoStrong's assurances about the safety of the equipment and the exercises and that she was under the supervision of an OsteoStrong employee who was encouraging her to do the exercise "harder." Summary judgment based on implied assumption of the risk is not warranted because questions of fact remain.

{¶38} In conclusion, Oliveri's assigned errors have merit. As stated, Oliveri did not expressly waive a claim in negligence. Thus, summary judgment in favor of OsteoStrong was not warranted on this basis.

{¶39} The trial court's decision is reversed and remanded.


MARY JANE TRAPP, P.J., concurs,

CYNTHIA WESTCOTT RICE, J., concurs in judgment only.


11