[Cite as *Hahn v. Farmakis-King*, 2024-Ohio-786.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| LINDA S. HAHN, | CASE NO. 2023-A-0015 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| CHRISTINA FARMAKIS-KING, AS CO-EXECUTRIX OF ESTATE OF JAMES FARMAKIS, DECEASED, et al., | Trial Court No. 2019 CV 00008 |
| Defendants-Appellees. | |

# O P I N I O N

Decided: March 4, 2024
Judgment: Affirmed in part, reversed in part, and remanded

*Michael P. Geary*, 55 North Chestnut Street, Jefferson, OH 44047 (Plaintiff-Appellant).

*William P. Bobulsky,* William P. Bobulsky Co., LPA, 1612 East Prospect Road, Ashtabula, OH 44004 (For Defendants-Appellees, Christina Farmakis-King and Jamie Zeigler).

*Christopher M. Newcomb*, 213 Washington Street, Conneaut, OH 44030 (For Defendant-Appellee, Nancy Biscotti).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Linda S. Hahn, appeals the judgment of the Ashtabula County Court of Common Pleas dismissing her complaint in foreclosure filed against appellees, Christina Farmakis-King, co-executrix of estate of James Farmakis, deceased, et al. We affirm in part, reverse in part, and remand the matter for further proceedings.

{¶2} James Farmakis ("husband") and Rosemary G. Farmakis ("wife") were married in June 1994. The couple resided in Sharon, Pennsylvania. Before the marriage, they entered into an antenuptial agreement. Pursuant to that agreement, husband and wife acknowledged that wife had at least $200,000 in separate funds and a house, which was separate property, valued at $100,000. Husband also possessed specific separate assets, including real property located in Conneaut, Ashtabula County, Ohio.

{¶3} On November 1, 1995, husband executed a promissory note through which he promised to pay wife, on demand, the principal sum of $100,000, plus interest from the date at a rate of 10 percent per annum. The money upon which the note was premised came from wife's separate property. The note was negotiated in Pennsylvania, signed in Pennsylvania, and payment was to be made in Pennsylvania. Moreover, the note included a confession of judgment provision.

{¶4} Husband made no payment of principal or interest under the promissory note from the date of its execution. In August 2009, husband provided a mortgage to secure the note. Husband mortgaged the real property in Conneaut, Ohio, as security for performance of the obligation under the promissory note.

{¶5} On September 16, 2017, husband transferred all his remaining interest in the real estate subject to the 2009 mortgage to his daughters, Christina Farmakis-King and Jamie Zeigler, as co-trustees of the James Farmakis Family Trust dated January 9, 2017. Husband died on February 12, 2018, in Mercer County, Pennsylvania. At the time of his death, he and wife resided in Hermitage, Pennsylvania. Christina Farmakis-King and Jamie Zeigler were appointed co-executrices of the estate of husband, in Case No.

2

43-18-0295, before the Orphans' Court Division of the Court of Common Pleas of Mercer County, Pennsylvania.

{¶6} At the time of husband's death, wife remained the holder, owner, and payee under the 1995 promissory note. No amount, however, had been paid, either in principle or interest. According to the note, a default occurs, which immediately results in acceleration of the full amount upon, inter alia, the death of the maker. Wife maintains, as of March 1, 2021, the accrued interest on the note was $253,332, plus the $100,000 principal, for a total of $353,332, plus interest at 10 percent per annum from that date.

{¶7} In addition to the interest wife possessed in the real property relating to the 2009 mortgage, she also has a right to receive $170,100 from the sale of that real estate by reason of a separate agreement entered into on November 14, 2013 by husband, wife, and one Nancy L. Biscotti, acting individually and as the executrix of the estate of Joseph Biscotti, deceased. This agreement was derivative of a March 2007 judgment entry wherein Joseph Biscotti (a former business associate of husband) was to receive 10 percent of the proceeds from the sale of the Conneaut real property, but only after wife received the first $125,000 from the proceeds of the sale. Wife maintains she does not remember why she obtained an interest in the first $125,000 of real estate's sale, but she did not believe it was related to the payoff of the 1995 promissory note.

{¶8} In January 2019, wife filed the underlying complaint in foreclosure for the amount due on the promissory note against appellees, Christina Farmakis-King and Jamie Zeigler, daughters of husband and executrices of his estate. Appellees filed a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6). Later, wife filed an

3

amended complaint to which appellees filed a supplemental and amended motion to dismiss.  In March 2020, the trial court denied appellees' motion to dismiss.

{¶9}   Appellees subsequently filed their answer to the first amended complaint with counterclaims.  Wife responded to the counterclaims and the trial court ordered the parties to mediate the case. No resolution was reached.

{¶10}  In February 2021, wife filed a motion for summary judgment against appellees. Appellees responded and filed their own motion for summary judgment. On August 13, 2021, the trial court issued a judgment overruling wife's motion for summary judgment, concluding there were "numerous issues of genuine fact."  Similarly, the trial court overruled appellees' motion concluding there was sufficient evidentiary quality material presented on both sides that would require the court to weigh the credibility of the witnesses and their interpretation of the written agreements.

{¶11}   In September 2021, wife's attorney filed a suggestion of incompetency of wife and a motion to substitute Linda Hahn, wife's daughter and attorney in fact, as plaintiff in the case.  Appellees filed a response to the suggestion and motion and moved the court to allow them to hold another deposition of wife, or in the alternative, to dismiss the case.  In their response/motion, appellees took issue with wife's filing of four errata sheets making changes to her previous testimony.  Of particular import, appellees underscored the following:

> Plaintiff unequivocally testified that the promissory note * * * which forms the basis for the foreclosure requested by the amended complaint was used to purchase the Oakview Drive house in Hermitage, Pennsylvania (deposition pages 30, 31, and 40) which is now fully paid for (deposition pages 17 and 18) and titled in her sole name.  She further confirmed that a second loan made to James is believed to have been used to purchase the house at 1222 Lake Road, Conneaut, Ohio

4

(deposition page 34 and 41), which property is also fully paid for and titled in her sole name. Lastly, she confirmed that she would receive $1,350.00 for each lot sold from the Conneaut property by virtue of the contract with the Biscottis of November 14, 2013.

{¶12} In the errata sheets, wife either qualified or contradicted certain aspects of her deposition testimony. In particular, wife changed her testimony that husband used the money to purchase the home. On the errata sheet, she deleted "Yes" and inserted "No." As a reason for the change, she stated, "I do not know what James did with the $100,000 I loaned to him. I was confused in answering 'Yes.'"

{¶13} Appellees submitted that the changes to the deposition testimony were significant, substantive, and contradictory. They argued that had the original testimony included the changed testimony, follow-up questions would have been posed to explain the responses. Appellees therefore requested the opportunity to re-depose wife to address these issues as it is "the only means of addressing the result of the changes by Plaintiff in her deposition." As an alternative, appellees moved to dismiss the case. They argued that wife could not proceed by and through any named substitute who does not have personal knowledge of the evidence. And because wife bears the burden of proof, her unavailability to testify would be fatal to her case.

{¶14} Wife duly opposed the foregoing motion, arguing she was entitled, pursuant to Civ.R. 30, to change her deposition testimony. And, because appellees waited for over 11 months after the errata sheets were filed to submit their motion, it should be denied. Regarding appellees' motion to dismiss, wife argued that whether she was deemed incompetent or she passed away during the pendency of the case, her claims on the note and mortgage would survive. In effect, wife apparently maintained that adequate

5

Case No. 2023-A-0015

evidence had been advanced in the case to proceed to judgment, irrespective of her active participation in the remaining litigation.

{¶15} In September 2022, the magistrate filed a decision recommending that wife was not competent to testify and that Linda Hahn, wife's daughter and attorney in fact, be substituted for wife as plaintiff in the case. The magistrate's decision also recommended that appellees be allowed to depose Ms. Hahn. The magistrate observed "[i]t should be determined whether the substituted plaintiff has personal knowledge of the evidence sought by defendants. If she does not, then it is recommended that defendant's motion to dismiss be granted and plaintiff's cause of action be dismissed."

{¶16} Later, on November 4, 2022, the magistrate filed additional findings of fact and conclusions of law. The magistrate determined that there are issues of fact that cannot be determined in favor of wife without her testimony. Further, because appellees represented further questions were necessary to prepare their defense, they would be prejudiced by wife's absence. The magistrate therefore observed "the matter is at an impasse and cannot proceed and should be dismissed." Wife duly objected to the decision.

{¶17} On February 2, 2023, appellees filed a renewed supplemental and amended motion to dismiss as well as a response in opposition to wife's objections. In addition to emphasizing that the substituted plaintiff, Ms. Hahn, had no first-hand knowledge of the matters and transactions underlying the case, appellees also recycled a previously rejected argument from their initial motion to dismiss that claimed the initial promissory note was void. Specifically, appellees asserted that, under Ohio law, spouses

6

cannot enter into contracts that "alter their legal relations" other than an immediate separation. *See* former R.C. 3103.06 (effective until Mar. 23, 2023).

{¶18} On February 21, 2023, the trial court overruled wife's objections and adopted the magistrate's legal conclusion, but for different reasons. Specifically, the trial court treated appellee's supplemental and amended motion to dismiss as a motion to reconsider their original Civ.R. 12(B)(6) motion (despite the court's previous rulings that that motion, as well as the parties' respective motions for summary judgment, should be denied). The court observed:

> After a thorough review of Plaintiff's first amended complaint, the Court finds that Plaintiff's claims are invalid, as those claims seek to vary the legal obligations within the marriage by asserting substantial financial claims against the husband (his estate), which do not relate to an ante-nuptial agreement or to a separation agreement. Plaintiff does not have standing to sue on an illegal marital contract. Plaintiff's claims are invalid because she is suing her husband (his estate) over a contract made during the marriage which is not legal under Ohio law.

{¶19} The trial court also concluded that if the underlying action were viewed as a creditor's claim, it would be a matter for a probate court to resolve. The court therefore determined that because the parties and estate are in Pennsylvania and the estate is being administered in that commonwealth, the Orphan's Court of Mercer County, Pennsylvania, would be the proper venue to assert the claim. The trial court therefore granted appellees' renewed motion to dismiss.

{¶20} This appeal follows. Appellant assigns five errors for our review. Her first two errors shall be addressed together. They provide:

> [1.] The trial court erred, to the prejudice of the plaintiff-appellant, in granting the motion of defendants-appellees Farmakis King and Zeigler to dismiss the first amended

7

complaint of the plaintiff-appellant under Civil Rule 12(B)(6), for failure to state a claim upon which relief can be granted, by misapplying Ohio law, rather than applying Pennsylvania law according to applicable choice of law principles, in determining the ability of James Farmakis, domiciled in Pennsylvania, to lawfully execute in Pennsylvania an enforceable note payable in Pennsylvania to his spouse, Rosemary Farmakis, also domiciled in Pennsylvania, in exchange for a loan to him of her separate property funds and in determining the ability of James Farmakis to lawfully execute an enforceable mortgage securing that note on real estate in Ohio, which was his separate property.

[2.] The trial court erred, to the prejudice of the plaintiff-appellant, in granting the motion of defendants-appellees Farmakis King and Zeigler to dismiss the first amended complaint of the plaintiff-appellant under Civ.R. 12(B)(6) , for failure to state a claim upon which relief can be granted, by concluding that Ohio law did not allow James Farmakis to lawfully execute an enforceable note payable to his spouse, Rosemary Farmakis, for a loan to him of her separate property funds and that Ohio law did not allow James Farmakis to lawfully execute an enforceable mortgage securing that note on real estate in Ohio which was his separate property."

{¶21} The trial court recast appellees' renewed supplemental motion to dismiss as a motion for reconsideration of the previously denied motion to dismiss pursuant to Civ.R. 12(B)(6). Notwithstanding the strange procedural course this case followed, i.e., the court granting a Civ.R. 12(B)(6) motion *after* it had denied all previous dispositive motions, we shall review the trial court's judgment using standards applicable to failure-to-state-a-claim cases.

{¶22} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." (Citation omitted.) *State ex rel. Hanson v. Guernsey Cty. Bd. of Cmmrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In considering the propriety of the dismissal, "we accept all factual allegations in

8

the complaint as true and draw all reasonable inferences in the non-moving party's favor." (Citation omitted.) *Transky v. Ohio Civil Rights Comm.,* 193 Ohio App.3d 354, 2011-Ohio-1865, 951 N.E.2d 1106, ¶ 11 (11th Dist.) If, after considering the complaint accordingly, there is no set of facts consistent with appellant's allegations that would permit recovery, the judgment of dismissal will be affirmed. *Id.*

{¶23} A court of appeals reviews a trial court's judgment dismissing a complaint pursuant to Civ.R. 12(B)(6) also using a de novo standard. *Goss v. Kmart Corp.,* 11th Dist. Trumbull No. 2006-T-0117, 2007-Ohio-3200, ¶ 17.

{¶24} The initial basis for dismissing appellant's complaint was grounded upon the operation of former R.C. 3103.06, which provides:

{¶25} "A husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation." R.C. 3103.06 (before amendment effective March 23, 2023.)

{¶26} The trial court concluded that the promissory note executed by husband in 1995 was a postnuptial agreement that altered the couple's legal relations and therefore was void. The pivotal issue is the meaning of the phrase "legal relations." Because, however, we conclude Pennsylvania law, rather than Ohio law, governs this case, we need not address the trial court's interpretation of the statute upon which it relied.

{¶27} Appellant contends that the trial court engaged in a preliminary error when it failed to apply Pennsylvania law as opposed to Ohio law regarding the validity of the underlying note. We agree

9

Case No. 2023-A-0015

{¶28} The note in question did not include a choice of law provision. The Supreme Court has held "[i]n the absence of an effective choice of law by the parties, the contacts to be taken into account to determine the law applicable to an issue include:

> (a)  the place of contract,
>
> (b)  the place of negotiation of the contract;
>
> (c)  the place of performance,
>
> (d)  the location of the subject matter of the contract, and
>
> (e)  the domicile, residence, nationality, place of incorporation and place of business of the parties.

*Gries Sports Enterprises, Inc. v. Modell*, 15 Ohio St.3d 284, 473 N.E. 2d 807 (1984), syllabus, (adopting Restatement of the Law 2d, Conflict of Laws, Section 188 (1971)).

{¶29} The promissory note indicates it was entered into and signed in Sharon, Pennsylvania; both husband and wife were domiciled and resided together in Sharon, Pennsylvania, at the time the note was negotiated and signed. Moreover, the note states that the money was "immediately available at Sharon, Pennsylvania." While it is not entirely clear from the face of the note where the place of performance would occur, one can reasonably infer, to the extent the parties remained domiciliaries and residents of Pennsylvania for the duration of the marriage, the situs of the performance, i.e., repayment, would also be in Pennsylvania. And, significantly, wife stated, in her complaint, that payments were to be made in Pennsylvania.

{¶30} Each of the *Gries* factors militate in favor of utilizing Pennsylvania law rather than Ohio law. This conclusion makes sense because the issue of whether husband and wife were authorized to enter into the contract should depend upon the law of the state/commonwealth where the contract was negotiated and signed, especially when it is

10

Case No. 2023-A-0015

the same state/commonwealth in which the parties were domiciled and resided at the time of contracting.

{¶31} Moreover, despite appellees' protestations to the contrary, it is of no consequence to the choice-of-law determination that the promissory note, entered into in Pennsylvania by domiciliaries and residents of Pennsylvania, was secured by land located in Ohio. Regarding the law of contracts, there is a particular section in the Restatement which sets forth a rule regarding choice of law for issues involving contracts for the repayment of money lent. It provides:

> The validity of a contract for the repayment of money lent and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the contract requires that repayment be made, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in Sec. 6 [which sets forth general considerations for choice of law analyses] to the transaction and the parties, in which event the local law of the other state will be applied.

Restatement of the Law 2d, Conflict of Laws, Section 195 (1971).

{¶32} Regarding a claim involving the default on the promissory note, Section 195 of the Restatement requires that the law of the state of repayment controls if there is an arguable conflict between that state/commonwealth and the forum state. *Id.* at Comment a. And, at least one Ohio court has concluded that "[t]his rule is to be applied irrespective of whether the loan is secured by a mortgage on land located in another state." *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 686, 672 N.E.2d 1081 (6th Dist.1996), citing Restatement of the Law 2d, Conflict of Laws, Section 195, Comment a; and *Charter Fin. Co. v. Henderson*, 15 Ill.App.3d 1065, 1069, 305 N.E.2d 338 (1973).

11

Case No. 2023-A-0015

{¶33} A mortgage is necessarily tied to the promissory note it secures. In this regard, even though the property which was mortgaged is in Ohio, it is the note that gives the mortgage any legal import. In other words, the note and the debt are the principal matters in the minds of the parties, and the mortgage is merely an accessory to the debt. While the location of the property is an important factor, it is not the only factor. Under our analysis of the *Gries* factors, Pennsylvania has the most significant contacts in relation to the promissory note's execution. The law of the Commonwealth of Pennsylvania should control the analysis of this cause of action.

{¶34} To that end, Title 23, Pa.Consol.Stat. 4105 provides: "A married person may loan the other spouse money from the separate estate of the married person and take in security therefor a judgment or mortgage against the property of the other spouse which shall be valid as otherwise provided by law." Under Pennsylvania law, the underlying transaction is valid and appellant is entitled to obtain a personal judgment on the cognovit note and use that judgment to enforce the lien on the property created by the mortgage.

{¶35} In summary, the trial court erred in concluding Ohio law applied and in voiding the transaction under Ohio law. As such, appellees' claim, which their counsel emphasized at oral argument, that *Ohio's* statute of limitations barred the enforcement of the note, is incorrect. Pennsylvania law applies to this case and, as just discussed, permitted husband and wife to enter the contract at issue. There is no evidence or argument before this court indicating that any Pennsylvania statute of limitations would bar the claim. This issue, however, in light of this court's analysis, is a matter that may require attention on remand. We accordingly hold the trial court committed reversible error in granting reconsideration of its previous denial of appellees' motion to dismiss

12

based upon the operation of Ohio law. As it relates to the promissory note, appellant has stated a claim upon which relief might be granted.

{¶36} Appellant's first assignment of error has merit; as a result, appellant's second assignment of error is overruled as moot.

{¶37} Appellant's third assignment of error provides:

> The trial court erred, to the prejudice of the plaintiff-appellant, in granting the motion of defendants-appellees Farmakis King and Zeigler to dismiss the first amended complaint of the plaintiff-appellant under Civil Rule 12(B)(6), for failure to state a claim upon which relief can be granted, by finding that the General Division of the Court of Common Pleas of Ashtabula County, Ohio, is not the proper forum, and not the proper venue, for the first amended complaint, which seeks foreclosure of a mortgage on real estate located in Ashtabula County, Ohio, and judgment on the note securing that mortgage, the default in payment of which is the necessary condition for foreclosure.

{¶38} Under this assignment of error, appellant contests the trial court's conclusion that the underlying cause of action would be properly brought before the probate court, rather than the general division of the court of common pleas. We agree with appellant.

{¶39} In her complaint, wife alleged:

> On September 16, 2017, James Farmakis transferred all of his remaining interests in the real estate subject to the 2009 mortgage * * * to Defendants, Christina Farmakis-King and Jamie Zeigler, as Co-Trustees of the James Farmakis Family Trust dated January 9, 2017. * * * Legal title to the real estate that is currently subject to the 2009 mortgage marked as Exhibit 2 * * * is currently held by Defendants, Christina Farmakis-King and Jamie Zeigler, as Co-Trustees of the James Farmakis Family Trust dated January 9, 2017.

{¶40} Pursuant to the complaint, not only is title to the subject property held by appellees, but it is held in trust, generally an instrument that renders the property held

13

outside the scope of a probate estate. Although wife, as an arguable creditor of husband's estate may make a claim against the estate pursuant to the cognovit note, it is unclear how wife could seek foreclosure of a mortgage securing Ohio property in Pennsylvania's Orphans' Court of Mercer County, particularly where the property is not part of husband's estate. *See* 42 Pa.Consol.Stat. 5302 (Pennsylvania has jurisdiction over property in the commonwealth); *see also Bank of America, N.A., v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20 (Ohio county courts of common pleas have subject matter jurisdiction over actions in foreclosure if the situs of the real property is within the respective county.); Civ.R. 3(C)(5) (proper venue is "[a] county in which the property, or any part of the property, is situated if the subject of the action is real property * * *.")

{¶41} Moreover, appellant cites to 20 Pa.Consol.Stat. 711 and 712 for the proposition that the Orphans' Court Division in Pennsylvania does not have jurisdiction to enter a judgment on a promissory note in default of payment. Appellant is correct that these statutory sections do not list promissory notes or cognovit notes as within the mandatory or nonmandatory jurisdiction of the orphans' court. This, however, does not imply appellant is *not* empowered to obtain a judgment in the commonwealth's relevant general division to obtain a judgment in aid of obtaining foreclosure.

{¶42} Subject-matter jurisdiction is determined by the laws of a state or commonwealth and cannot be undermined by the laws of another state or commonwealth. *See Litsinger Sign Co. v. Am. Sign Co.*, 11 Ohio St.2d 1, 227 N.E.2d 609 (1967), paragraph one of the syllabus. Accordingly, the determination of whether a court has subject matter jurisdiction over the note is a matter for Pennsylvania constitutional

Case No. 2023-A-0015

and statutory law. *In re Administrative Order No. 1-MD-2003*, 594 Pa. 346, 355, 936 A.2d 1 (2007).

**{¶43}** According to the Supreme Court of Pennsylvania "[t]he test for whether a court has subject matter jurisdiction inquiries into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs." *Id.* at 354. "Pennsylvania courts of common pleas are courts of general jurisdiction and the Prothonotary of a court of common pleas has the authority to enter judgment on a confession of judgment from a cognovit note." *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 2010-Ohio-1537, 934 N.E.2d 366, ¶ 25 (7th Dist.), citing Art. V, Section 5, Pennsylvania Constitution; Pa.R.C.P. 2951 (Pennsylvania Civil Rules 2950-2967 govern procedures for judgments by confession). It would appear, therefore, that the laws of Pennsylvania provide subject-matter jurisdiction over the note which was created in the commonwealth in 1995.

**{¶44}** Pursuant to R.C. 2323.13(A), for a trial court to have subject matter jurisdiction to enter judgment on a cognovit note in Ohio, "'the confession of judgment must be made within the jurisdiction of a court in which either any one of the makers resides or where the warrant of attorney was signed.'" [Sic.] *Sunset Land Partnership v. Trowsdale*, 9th Dist. Summit No. 20895, 2002-Ohio-4152, ¶ 9, quoting *Sparks v. Delicom Sweet Goods, Inc.*, 5th Dist. Fairfield No. 99-CA-11, 2000 WL 1409 (Dec. 20, 1999). R.C. 2323.13(A), however, simply "'governs situations in which a party to a cognovit note attempts to have the note adjudicated in the wrong Ohio court.'" *Maple Leaf Expansion, Inc.*, 2010-Ohio-1537, at ¶ 23, quoting *Dollar Sav. & Trust Co. v. Trocheck*, 132 Ohio App.3d 531, 536, 725 N.E.2d 710 (7th Dist.1999). In light of our resolution of appellant's

15

first assignment of error, as well as the interplay between Pennsylvania law and Ohio law pertaining to enforcement of cognovit notes, the Ashtabula County Court of Common Pleas lacks jurisdiction to render a money judgment on the Pennsylvania cognovit note.

**{¶45}** Without a *confession of judgment* entered in Pennsylvania, the cognovit note, by itself, possesses no unique legal import in Ohio. *See, e.g., Sipes v. Whitney*, 30 Ohio St. 69, 77 (1876) (judgments on cognovit notes entered by a prothonotary in Pennsylvania are valid and will be accorded full faith and credit by Ohio courts). *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940) (stating that judgments of sister states are given full faith and credit until they are set aside or reversed according to the regulations of the state in which the judgment was rendered). With these points in mind, to the extent the trial court ruled that the underlying action should be pursued via a probate action (in Pennsylvania), that conclusion is error. Appellees, in the answer to appellant's amended complaint, challenged the subject matter jurisdiction of the trial court. The Ashtabula County Court of Common Pleas has subject matter jurisdiction over the in-rem foreclosure matter and is also the proper venue for that proceeding; it does not, however, have jurisdiction to enter a money judgment on the Pennsylvania cognovit note in the context of the underlying foreclosure because the note was entered into and governed by the jurisdiction of the Commonwealth of Pennsylvania.

**{¶46}** To the extent appellant's third assignment of error asserts that the Ashtabula County Court of Common Pleas possesses jurisdiction to *enforce* the Pennsylvania promissory note and obtain in-rem relief, the assignment of error has merit. Insofar as the assignment of error seeks to obtain a money judgment on the note, however, it lacks merit.

16

{¶47} We shall address appellant's fifth assignment of error next, it provides:

> The trial court erred, to the prejudice of the plaintiff-appellant, in denying the motion of the plaintiff-appellant for summary judgment against the defendants-appellees on the claims asserted in the first amended complaint.

{¶48} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

{¶49} A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A de novo review mandates that an appellate court conduct an independent review of evidence before the trial court without deference to the decision under consideration. *Id.*

{¶50} In its judgment denying wife's motion for summary judgment, the trial court determined there were "numerous" issues of material fact that required resolution by a trier of fact. It first took issue with the November 14, 2013 agreement, entered into by husband, wife, and Nancy L. Biscotti, acting individually and as the executrix of the estate of Joseph Biscotti, deceased. This agreement was derivative of a March 2007 judgment entry wherein Joseph Biscotti (a former business associate of husband), that afforded wife various financial benefits in the event the property at issue was sold, had any impact or even resolved the money and interest that had accrued on the promissory note. Wife

17

Case No. 2023-A-0015

maintained she did not remember why she was afforded these interests but indicated she did not believe the interests were related to the payoff of the note.

{¶51} We point out that appellees argue that the November 2013 agreement essentially negated any interest created by husband in favor of wife in the 1995 note as well as the 2009 mortgage. As just discussed, the November 2013 agreement pertained to interests relating to a 2007 judgment; it did not, however, purport to supersede or eliminate wife's interests in the original note or the mortgage created in 2009. At the very least, there are genuine issues of material fact surrounding the impact, if any, the November 2013 agreement had on the 1995 note and/or the 2009 mortgage.

{¶52} The trial court determined there were material issues of fact relating to answers wife gave at her deposition and the "clarifications" or "corrections" in the errata sheets she submitted after the deposition. The conflicts, the court determined, "call into question which answers are to be believed as true and accurate." The court concluded that credibility determinations are necessary for the trier of fact to determine what real estate interests were acquired during the marriage to husband, and if the acquisitions resolve the promissory note and mortgage issues.

{¶53} In light of the above points, among likely other matters that require credibility determinations, we conclude the trial court did not err in denying wife's motion for summary judgment. There are genuine issues of material fact that must be resolved by a trier of fact. Wife therefore was not entitled to summary judgment as a matter of law.

{¶54} Appellant's fifth assignment of error lacks merit.

{¶55} Finally, appellant's fourth assignment of error provides:

> The trial court erred, to the prejudice of the plaintiff-appellant,
> in granting the motion of defendants-appellees Farmakis King

18

and Zeigler to dismiss the first amended complaint of the plaintiff-appellant under Civil Rule 12(B)(6), for failure to state a claim upon which relief can be granted.

{¶56} Under this assignment of error, appellant takes issue with various matters that were neither touched upon, let alone addressed, by the trial court's judgment entry dismissing the amended complaint. Generally, appellate courts do not address issues that were not addressed by the trial court. *See Oliveri v. OsteoStrong*, 2021-Ohio-1694, 171 N.E.3d 386, ¶ 28 (11th Dist.); *see also Lakota Loc. School Dist. Bd. of Edn. v. Brickner*, 108 Ohio App.3d 637, 643, 671 N.E.2d 578 (6th Dist.1996), *Bowen v. Kil-Kare Inc.*, 63 Ohio St.3d 84, 89, 585 N.E.2d 384 (1992). As the trial court did not reach the issues in its final judgment, and this matter must be remanded for further proceedings, we will not address the issues raised under the fourth assignment of error for the first time on appeal.

{¶57} Because the trial court did not rule upon the points raised by appellant, her fourth assignment of error is unripe and thus is overruled.

{¶58} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

19

Case No. 2023-A-0015